UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAWRENCE R. PITTMAN, SR.<br>a/k/a TERRY HILL<br><br>VERSUS<br><br>JERRY GOODWIN, WARDEN,<br>*et al.* | CIVIL ACTION<br><br>NO. 21-15<br><br>SECTION M (3) |

## ORDER

Petitioner, Lawrence R. Pittman, Sr. a/k/a Terry Hill, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1989 state criminal judgment. A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same state criminal judgment. That petition was dismissed with prejudice. *Pittman v. Cain*, No. 99-2396 (E.D. La. Mar. 30, 2000), *aff'd*, 247 F.3d 241 (5th Cir. 2001), *cert. denied*, 532 U.S. 982 (2001). In 2004, the United States Court of Appeals for the Fifth Circuit denied petitioner authorization to file a second or successive 2254 application. *In re Pittman*, No. 04-30550 (5th Cir. July 7, 2004).

In 2019, petitioner filed in this Court another petition for writ of habeas corpus related to this same state criminal judgment. The Court construed that petition in part as a motion for authorization for it to consider the second or successive claims raised therein and transferred the motion to the Fifth Circuit. *Pittman v. Goodwin*, No. 19-900 (E.D. La. Feb. 6, 2019). The Fifth Circuit denied authorization. *In re Pittman*, No. 19-30082 (5th Cir. Mar. 22, 2019).

The petition presently before the Court is likewise a second or successive petition as described in 28 U.S.C. § 2244. Accordingly, to overcome the prohibition against the filing of a

1

second or successive claim under that section, petitioner must establish one of the following exceptions:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Before the instant petition can be considered on the merits by this Court, petitioner must obtain authorization to file this second or successive petition from the Fifth Circuit by making a *prima facie* showing of one of the foregoing exceptions, as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as he obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that the petition be construed in part as a motion for authorization for this Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit under the authority of 28 U.S.C. § 1631 for that court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this Court.

New Orleans, Louisiana, this 21st day of January, 2021.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE